# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| QUANN JONES, | ) | |
| BENEDITO OLIVEIRA, | ) | |
| SERGIO A. OLIVEIRA, | ) | |
| ANGEL W. MARTINEZ, and | ) | |
| JACKSON MARTINEZ | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| CUSTOM KITCHEN, INC., and | ) | |
| DANIEL PARASCA | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiffs Quann Jones, Benedito Oliveira, Sergio Oliveira, Angel Martinez, and Jackson Martinez file this Complaint against Custom Kitchen, Inc. and Daniel Parasca for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorney's fees.   Plaintiffs allege as follows:

## PARTIES

1.     Each and every Plaintiff is a resident of Georgia in this judicial district and division.

2.     Custom Kitchen, Inc. is a Georgia corporation with its principal place of business at 277 Industrial Park Drive, Suite A, Lawrenceville, GA 30046 in this judicial district and division. Its registered agent for service of process is Daniel Parasca, 277 Industrial Park Drive, Suite A, Lawrenceville, GA 30046.

3.     Daniel Parasca is a resident of Georgia in this judicial district and division.

**JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.     Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391.  Custom Kitchen, Inc. and Daniel Parasca transact business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

**FACTS**

6.     Daniel Parasca owns and operates Custom Kitchen, Inc., located at 277 Industrial Park Drive, Suite A, Lawrenceville, GA 30046, where Plaintiffs worked and were denied earned wages and overtime.

7.     Plaintiffs were non-exempt hourly workers for Custom Kitchen, Inc. and Daniel Parasca during the three years prior to the filing of this compliant.

8.     Plaintiffs were paid a regular hourly rate of pay and worked in excess of 40 hours per week.

9.     Quann Jones was paid an hourly wage of $10 per hour for the relevant time period.

10.     Benedito Oliveira was paid an hourly wage of $11 per hour for the relevant time period.

11.     Sergio Oliveira was paid an hourly wage of $22 per hour for the relevant time period.

12.     Angel Martinez was paid an hourly wage of $15 to $17 per hour for the relevant time period.

13.     Jackson Martinez was paid an hourly wage of $16 per hour for the relevant time period.

14.     Custom Kitchen, Inc. and Daniel Parasca willfully refused to pay each of the Plaintiffs his wages and overtime compensation as required by federal law.

15.     Custom Kitchen, Inc. and Daniel Parasca maintained records of those hours that Plaintiffs worked.

16.     Plaintiffs worked during the period three years before filing this complaint.

17.    At all times throughout the relevant period, Plaintiffs were "employees" of Custom Kitchen, Inc. and Daniel Parasca and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

18.    At all times during the relevant period, Custom Kitchen, Inc. and Daniel Parasca were the "employer" of Plaintiffs under the FLSA.

19.    At all times during the relevant period, Custom Kitchen, Inc. and Daniel Parasca had multiple employees, including Plaintiffs, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

20.    During the relevant period, Custom Kitchen, Inc. and Daniel Parasca were an enterprise with annual gross volume of sales made or business done of not less than $500,000.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

21.    Plaintiffs repeat and reallege each paragraph above as though it were fully set forth at length herein.

22.    At all relevant times, Custom Kitchen, Inc. and Daniel Parasca were Plaintiffs' employers engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

23.    At all relevant times, Custom Kitchen, Inc. and Daniel Parasca employed Plaintiffs within the meaning of the FLSA.

24.    At all relevant times, Custom Kitchen, Inc. and Daniel Parasca had a uniform policy and practice of willfully refusing to pay Plaintiffs appropriate overtime compensation for all hours worked in excess of forty hours per workweek.

25.    As a result of Custom Kitchen, Inc. and Daniel Parasca's willful failure to pay Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Custom Kitchen, Inc. and Daniel Parasca violated the FLSA. 29 U.S.C. §§ 207(a)(1) and 215(a).

26.    Custom Kitchen, Inc. and Daniel Parasca's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

27.    At all relevant times, Daniel Parasca, as owner of Custom Kitchen, Inc., had control and direction over workplace conditions, operations, personnel, and compensation over Custom Kitchen, Inc. where Plaintiffs worked.

28.    Daniel Parasca, as an owner and officer of Custom Kitchen, Inc. made the decisions to withhold overtime and other pay in violation of the FLSA.

29.    Due to Custom Kitchen, Inc. and Daniel Parasca's FLSA violations, Plaintiffs were damaged and are entitled to recover from Custom Kitchen, Inc. and Daniel Parasca compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS – FAILURE TO PAY AND TIMELY PAY WAGES FOR ALL HOURS WORKED INCLUDING THE LAST WEEK OF WORK

30.    Plaintiffs repeat and reallege each paragraph above as though it were fully set forth at length herein.

31.    At all relevant times, Custom Kitchen, Inc. and Daniel Parasca were Plaintiffs' employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32.    At all relevant times, Custom Kitchen, Inc. and Daniel Parasca employed Plaintiffs within the meaning of the FLSA.

33.    It was Custom Kitchen, Inc. and Daniel Parasca common practice to not pay, and not timely pay, employees for all hours worked.

34.    Custom Kitchen, Inc. and Daniel Parasca's common practice was to refuse Plaintiffs and other employees their wages for the last pay period that they worked prior to discontinuing employment.

35.    Custom Kitchen, Inc. and Daniel Parasca have yet to pay all Plaintiffs for all hours that they worked.

36.    Plaintiffs were damaged by Custom Kitchen, Inc. and Daniel Parasca's refusal to pay and timely pay Plaintiffs.

37.    As a result of Custom Kitchen, Inc. and Daniel Parasca's willful failure to timely pay Plaintiffs the applicable wage for all hours worked, Custom Kitchen, Inc. and Daniel Parasca are liable for liquidated damages for all unpaid wages.

38.    Custom Kitchen, Inc. and Daniel Parasca also are liable for liquidated damages in an amount equal to all untimely payments of all wages.

39.    At all relevant times, Daniel Parasca, as owner of Custom Kitchen, Inc., had control and direction over workplace conditions, operations, personnel, and compensation over Custom Kitchen, Inc. where Plaintiffs worked.

40.    Daniel Parasca, as an owner and officer of Custom Kitchen, Inc. made the decisions to withhold overtime and other pay in violation of the FLSA.

41.    Custom Kitchen, Inc. and Daniel Parasca's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42.    Due to Custom Kitchen, Inc. and Daniel Parasca's FLSA violations, Plaintiffs were damaged and are entitled to recover actual and liquidated damages

for Custom Kitchen, Inc. and Daniel Parasca's refusal to pay all wages earned, liquidated damages, and reasonable attorneys' fees, costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs demand a trial by jury and requests that this Court grant the following relief against Custom Kitchen, Inc. and Daniel Parasca:

A.     An award of compensation for unpaid wages to Plaintiffs;

B.     An award of unpaid compensation for overtime to Plaintiffs;

C.     An award of all liquidated damages for unpaid wages and untimely paid wages to Plaintiffs;

D.     An award of prejudgment and post-judgment interest to Plaintiffs;

E.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs; and

F.     Such other and further relief as this Court deems just and proper.

This 17th day of December, 2015.

**HALL & LAMPROS, LLP**

/s/ Christopher B. Hall
Christopher B. Hall
HALL & LAMPROS, LLP
Ga Bar No. 318380
1230 Peachtree St. N.E.
Suite 950

-8-

Atlanta, GA 30309
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
ATTORNEYS FOR THE
PLAINTIFF

Plaintiff's counsel certifies that this complaint is in 14 point Times New Roman font.