IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

QUANN JONES, BENEDITO          )
OLIVEIRA, SERGIO A.            )
OLIVEIRA, ANGEL W.             )
MARTINEZ, JACKSON              )
MARTINEZ, JAMOND               )
BARRON, EDWARD PERRY,          )
ANDREW HENDRICKS,              )
CELESTINO HERNANDEZ, and       )
JOSE ANTONIO DIAZ,             )
                               )
        Plaintiffs,            )          Case No. 1:15-cv-04389
v.                             )
                               )
CUSTOM KITCHEN, INC., and      )
DANIEL PARASCA,                )
                               )
        Defendants,            )
_____

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Quann Jones, Benedito Oliveira, Sergio A. Oliveira, Angel W.

Martinez, Jackson Martinez, Jamond Barron, Edward Perry, Andrew Hendricks,

Celestino Hernandez, and Jose Antonio Diaz[1] and Defendants Custom Kitchen, Inc.

and Daniel Parasca (collectively, the "Parties"), by and through their undersigned

_____

[1] Simultaneous with filing this Joint Motion for Approval of the Settlement
Agreement, the Parties file a Stipulation of Joinder for Celestino Hernandez and Jose
Antonio Diaz, both of whose claims were mediated and settled as part of the
Settlement Agreement submitted herewith for this Court's review, despite not yet
being named parties.

counsel, jointly move this Court to enter an Order approving the Settlement Agreement entered into between the Parties and attached as Exhibit A. In support of this Motion, the Parties state as follows:

(1)   Plaintiffs previously performed services for Defendants during the three (3) years before the filing of this lawsuit, from December 2012 to December 2015. Defendants fabricate and install granite kitchen and bathroom counters and floors.   Plaintiffs were skilled laborers who either worked at the warehouse fabricating/cutting/finishing the granite, or who worked in the field installing the granite.  The Plaintiffs had different experience, time worked with the Defendants, wage rate, and performed one of several different job duties.  Plaintiffs allege that Defendant treated Plaintiffs as exempt employees and did not pay them one and one half their regular rate of pay for hours worked over 40 in a workweek, but instead paid them only their regular rate of pay for each of these hours.  Plaintiffs contend that they should have been treated as nonexempt employees and paid one and a half their regular rate of pay for hours worked over 40 in any workweek.  Defendants claim that they properly paid plaintiffs and deny any wrongdoing under the FLSA or any other federal or state statute. Ex. B, Hall Declaration at ¶ 2.

(2)   Five Plaintiffs filed suit on December 17, 2015 and an Amended Complaint was filed to include 3 more claimants in February 2016.  Plaintiffs served extensive discovery and Defendants produced hundreds of pages of detailed payroll

data.  After analyzing these time and pay records, Plaintiffs determined alleged actual damages  taking into account the hours actually worked, the rate of pay and the length of employment over the three year statute of limitations period.  Plaintiffs' counsel were required to review and separately calculate hundreds of pages of clock-in data.  The damages calculation also had complicated issues such as vacation pay, holiday pay, lunch time deductions (for some claimants but not all), bonuses, loans, property damage deductions, and some (but very few) missing records.  Ex. B, Hall Declaration at ¶ 3.

(3)    The Plaintiffs had different job descriptions that required separate analysis of the strength of their claims and the proper method of damages calculation (some positions allegedly included reduction of hours for lunch breaks, other claimants travelled between job sites during the workday). Ex. B, Hall Declaration at ¶ 4.

(4)    The parties have been discussing settlement at least since June, 2016, and attended a full day mediation on September 7, 2016.  At the mediation, the parties and their counsel discussed differing methods for calculating damages, the merits of the claims, the Defendants' defenses, and Defendants' assertion of several procedural infirmities that Defendants allege could have eliminated months of  back pay if this matter were to be fully litigated.  No settlement agreement was reached at the mediation.  However, on the day after the mediation, the parties reached an

agreement to resolve all claims for $75,000 to Plaintiffs and $30,000 in attorney's fees. At all times, the Parties  negotiated  the amount of damages separately from the amount of attorney's fees   The Plaintiffs separately agreed with counsel that costs would be deducted from the $75,000 allocated to them.  Ex. B, Hall Declaration at ¶ 5.

(5) The resulting net payments (after all deductions for attorneys' fees or costs) to Plaintiffs are $74,281.49, which is 157% of Plaintiffs' counsel's calculated actual damages and 78% of Plaintiffs' counsel's calculated actual and liquidated damages.  Defendants dispute Plaintiffs' counsel's calculated damages as well as liability for any damages in this case.  To the extent that there would be any liability, Defendants asserted that the damages would be significantly lower than Plaintiffs' counsel's calculations. The damages being paid as settlement to each Plaintiff exceeds Defendants' calculations of back pay and liquidated damages. Ex. B, Hall Declaration at ¶ 6.

(6)    The net settlement sums for each Plaintiff under the Settlement Agreement are:

| Name | Back Wages | Liquidated Damages | Total Gross Damages |
|------|-----------|--------------------|---------------------|
| Sergio Oliveira | $10,515.35 | $10,515.35 | $21,030.69 |
| Quann Jones | $6,197.27 | $6,197.27 | $12,394.53 |
| Jamond Barron | $569.26 | $569.26 | $1,138.52 |
| Jackson Martinez | $4,141.35 | $4,141.35 | $8,282.69 |
| Ed Perry | $3,680.18 | $3,680.18 | $7,360.35 |
| Benedito Oliveira | $2,584.92 | $2,584.92 | $5,169.83 |

| | | | |
|---|---|---|---|
| Angel Martinez | $5,351.29 | $5,351.29 | $10,702.57 |
| Andrew Hendricks | $2,565.31 | $2,565.31 | $5,130.62 |
| Celestino Hernandez | $1,385.85 | $1,385.85 | $2,771.69 |
| Jose Antonio Diaz | $150.00 | $150.00 | $300.00 |
| TOTAL | | | $74,289.41 |

Ex. B, Hall Declaration at ¶ 7.

(7) The difference in payment amounts between Plaintiffs is due to (a) different lengths of employment; (b) different numbers of hours worked; and (c) wage differences based on job position and experience. Each Plaintiff is aware of the settlement amounts for all other Plaintiffs and the basis for calculating same. Ex. B, Hall Declaration at ¶ 8.

(8) In addition to the above payments, the settlement provides payment of $30,000 in reasonable attorney's fees to Hall & Lampros, LLP and $718.15 in costs. The attorney's fees is a reduction from the Hall & Lampros, LLP's actual fees of $43,269 and is 28.6% of the total recovery. The attorney's fees amounts to $3,000 per claimant on a per-claimant pro rata basis. Ex. B, Hall Declaration at ¶¶ 9, 13 - 23.

9) As set forth in the proposed Settlement Agreement, attached as Exhibit A, this settlement will resolve the claims set forth in this lawsuit as well as any other claims Plaintiffs may have against Defendants through the date the last Plaintiff executes the Settlement Agreement. Ex. B, Hall Declaration at ¶ 10.

(10)   Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor.  *See* 29 U.S.C. § 216 (b); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

(11)   The Parties therefore file this Joint Motion and request that this Court approve the Parties' settlement.  To do so, the Court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355.

(12)   The Parties expressly agree that the Settlement Agreement between the Parties (the "Agreement") represents a fair and equitable resolution of this matter and is in the best interests of the parties. Ex. B, Hall Declaration at ¶ 11.   In determining whether the settlement is fair, adequate, and reasonable, courts may (but are not required to) examine the following: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat.*

*Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); *Belland v. Chinchor Elec.*, 2015 U.S. Dist. LEXIS 6717, 4-5 (M.D. Fla. Jan. 21, 2015); *Garcia v. Riccy's Landscaping Servs., Inc.*, No. 6:08-cv-706-Orl- 28GJK, 2009 WL 347418, at *2 (M.D. Fla. Feb. 11, 2009); *Hitchcock v. Orange County, Florida.*, No. 604CV1722ORL28JGG, 2006 WL 3614925, at *3 (M.D. Fla. Dec. 11, 2006). A "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *King*, 2007 WL 737575 *3 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)). When considering these factors, the Court "should keep in mind the strong presumption in favor of finding a settlement fair." *King*, 2007 WL 737575 at *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). *See also Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.").

As noted above, extensive discovery and document analysis allowed the parties to evaluate Plaintiffs' potential damages.  Based on these potential damages and the risks involved for both parties, all parties, after consultation with their experienced counsel, believe that the proposed Agreement is fair and in each party's best interest. Ex. B, Hall Declaration at ¶ 12.

(13)   The Parties respectfully request that the Court approve the Settlement Agreement attached hereto as Exhibit A.   If so, as set forth in the Settlement Agreement, the parties will file a Stipulation of Dismissal pursuant to the terms of the Agreement, and otherwise move forward with their respective obligations set forth in the Settlement Agreement.

Respectfully submitted this 7th day of October, 2016.


Consented to by:                          Consented to by:


*/s/ Christopher B. Hall*                  */s/* Debra E. Schwartz
Counsel for Plaintiffs                     Counsel for Defendants

Christopher B. Hall                        Debra E. Schwartz
Georgia Bar No. 318380                     Georgia Bar No.: 631035
chall@hallandlampros.com                   James E. Rollins, Jr.
Hall & Lampros, LLP                        Georgia Bar No.: 613825
1230 Peachtree St. NE – Suite 950          des@gaemploymentlawyers.com
Atlanta, GA  30309                         Schwartz Rollins, LLC.
 (404) 876-8100                            945 East Paces Ferry Road
                                           Suite 2270
                                           Atlanta, GA 30326
                                           (404) 844-4131


This Motion was prepared in New Times Roman 14 font.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing JOINT MOTION FOR APPROVAL OF SETTLEMENT and proposed Consent Order using CM/ECF which will automatically send e-mail notification of such filing to the following attorneys of record:

> Debra E. Schwartz
> James E. Rollins, Jr.
> des@gaemploymentlawyers.com

This 7th day of October, 2016.

### HALL & LAMPROS, LLP/

> By:   */s/ Christopher B. Hall*
>
> Christopher B. Hall
> Georgia Bar No. 318380
> chall@hallandlampros.com

Hall & Lampros, LLP
1230 Peachtree St. NE – Suite 950
Atlanta, GA  30309
 (404) 876-8100